

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charlie Pigg, Chairman,
Committee on Eleemosynary Institutions
House of Representatives
Austin, Texas

Dear Mr. Pigg:

Opinion No. 0-5164
Re: Committee Amendment No. 1
of H. B. No. 559 with re-
spect to State liability.

You propound for an opinion the question, whether
or not Committee amendment No. 1 to H. B. No. 559 commits
the State to liability for appropriations in carrying out
the provisions thereof.

Committee amendment No. 1 is as follows:

"SECTION 1.

"(a)   An institution known as the Texas
School shall be established in Texas and said
institution is hereby authorized and empowered
to hereby retain in its custody all females
for care and treatment and training who may
voluntarily surrender themselves or who may
be committed to its custody in the manner and
for the term hereinafter provided.

"(b)   The governing board of this institu-
tion shall be composed of the superintendent of
schools of the independent school districts in
which this institution is situated and the city
or county health officer of the district in
which this institution is located, and those
members shall select a third member.  These
three members shall be the governing body for
this institution and shall receive no pay for
the performance of their duties.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"SECTION 2. Any judge of a County Court in the County where an alleged female between the ages of twelve and twenty years inclusive is brought by any peace officer or voluntarily comes before any County Judge and is guilty of:

"1. Being found to be an infectious carrier of a veneral disease, may, if such committing County Judge adjudge that it is for the welfare of such female that she be placed in the hospital and training center be committed to the Texas School for not more than one year. The above mentioned institution is hereby authorized to receive and detain females so committed.

"SECTION 3. Such committment shall be for any period of time not exceeding one year. A committment made under this section which shall recite the fact upon which it is based, shall not be invalid by reason of any imperfections or defects in form.

"SECTION 4. Any person committed under the provisions of this law to said institutions may be released or paroled therefrom at any time after her committment upon the written certificate of the responsible head of the institution, setting forth the reasons for such release or parole, to which is attached an indorsement of the head of the Medical Staff of said institution. When an inmate of said institution is dismissed, a copy of the records pertaining to such individual shall be filed and recorded in the Court of Committment."

It is the opinion of this department that the Committee amendment, if enacted into law, would constitute such "pre-existing law" under Section 44 of Article III, requiring a pre-existing law as would authorize a legislative appropriation of money out of the treasury. Of course, the amendment if enacted would not itself constitute an appropriation, since it carries no specific appropriation, neither would the State in any event be liable, unless and until the Legislature should make a specific appropriation in pursuance of the Act.

If the amendment were to contain a clause specifically stating that the State would in no event be liable pecuniar-

ily to any extent under the terms of such Act, then no Legislature could thereafter make an appropriation in the face of the provisions of Section 44, Article XVI, above mentioned.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  (s)  Ocie Speer
Assistant

OS:ff

APPROVED MAR. 31, 1943
(s)  Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By  B.W.B.  Chairman